UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Edward Gonzalez,

                Plaintiff,

        v.

Patients Medical, P.C. and Indian Egg Donors et al.,

                Defendants.

24-CV-8239 (DEH)

ORDER

DALE E. HO, United States District Judge:

On February 10, 2025, Patients Medical, P.C. ("PMPC"), Gulati Holdings, LLC, Rashmi Gulati, and Deepak Gulati (collectively, "Defendants") filed a motion to dismiss Plaintiff Edward Gonzalez's ("Plaintiff" or "Gonzalez") Complaint. *See* Defs.' Mem. in Supp. Mot. to Dismiss at 1, ECF No. 8. In response, Gonzalez filed a cross-motion seeking leave to file an Amended Complaint. *See* Notice of Cross-Mot. to Am. Compl. at 1 ("Mot. to Am."), ECF No. 13; Pl.'s Mem. in Opp'n at 14-15 ("Pl.'s Opp'n"), ECF No. 12. Gonzalez specifically seeks to add non-party DGA, Inc. as a Defendant in lieu of Defendant PMPC. *See* Pl.'s Opp'n at 14-15.

Rule 21 of the Federal Rules of Civil Procedure[1] provides that a court may add a party "at any time, on just terms." Fed. R. Civ. P. 21. "[I]n practice, the standard for deciding whether to permit joinder under Rule 21 is the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Estate of Capo v. Haquif*, No. 18 Civ. 10903, 2019 WL 2498369, at *5 (S.D.N.Y. May 31, 2019) (quoting *Perez v. 117 Ave. of the Americas Food Corp.*, No. 15 Civ. 8151, 2016 WL 5415090, at *2 (S.D.N.Y. Sept. 27, 2016)). Pursuant to Rule 15 "a party may

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

amend its pleadings . . . [with] the court's leave," and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Motions for leave to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). Leave to amend may be denied if "amendment would be futile." *Chunn v. Amtrak*, 916 F.3d 204, 208 (2d Cir. 2019) (citing *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006)).

This is Gonzalez's first request to amend his Complaint. *See* Mot. to Am. Moreover, Defendants do not object to Gonzalez's request to amend. Defendants have not advanced any argument that amendment would be futile or result in undue delay or undue prejudice. Defendants have also not alleged any bad faith or dilatory motive on the part of Gonzalez. Indeed, Defendants stated that if the Court "does not dismiss the case outright," that it should "allow the amendment, moot the current motion, and allow the new Defendants – including DGA – to move to dismiss on an ordered schedule." Defs.' Reply Mem. in Supp. Mot. to Dismiss at 1, ECF No. 14.

Therefore, for substantially the same reasons as set forth in Gonzalez's brief arguing for leave to amend, *see* Pl.'s Opp'n at 14-15, his motion for leave to file an Amended Complaint is **GRANTED**. Accordingly, Defendants' motion to dismiss his Complaint is **DENIED AS MOOT**. Gonzalez is directed to file his Amended Complaint no later than **September 25, 2025**. The Clerk of Court is respectfully directed to terminate ECF Nos. 8 and 13.

SO ORDERED.

Dated: September 18, 2025
    New York, New York

                                        DALE E. HO
                                  United States District Judge