UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDWARD GONZALEZ,

                                Plaintiff,

                        v.

PATIENTS MEDICAL, P.C. d/b/a
SURROGACY4ALL and INDIAN EGG
DONORS, DGA, INC. d/b/a
SURROGACY4ALL and INDIAN EGG
DONORS, RASHMI GULATI, MD, and
DEEPAK GULATI,

                                Defendants.

---

24 Civ. 8239 (DEH)

**<u>MEMORANDUM
OPINION
AND ORDER</u>**

DALE E. HO, United States District Judge:

Defendants Indian Egg Donors, Surrogacy4All, Patients Medical, P.C. ("PMPC"), Rashmi Gulati, MD, and Deepak Gulati (collectively, "Defendants") move to dismiss this action on three independent grounds: lack of subject-matter jurisdiction, failure to comply with a contractual mediation provision, and that Plaintiff Edward Gonzalez fails to state a claim against any of the Parties upon which relief can be granted.  On review, the Court concludes that Plaintiff fails to allege claims that satisfy the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332.  Therefore, the motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1) is **GRANTED**. [1]

The Court assumes familiarity with the facts alleged in the First Amended Complaint but briefly recounts some background.  Mr. Gonzales alleges that he contacted Defendants in an effort to become a father through surrogacy.  First Am. Compl. ("FAC") ¶ 14, ECF No 16.  He alleges

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.  In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

that he signed an agreement for surrogacy services and remitted funds to Defendants. *Id.* ¶ 1. However, he alleges that he never received the surrogacy services he paid for. *Id.* ¶ 2. He further alleges that Defendants consistently and knowingly provided Plaintiff with materially false information concerning the status of his surrogacy and failed to provide a refund for these services. *Id.* ¶ 89. Mr. Gonzales brings a claim under sections 349 and 350 of the New York General Business Law (GBL), various state law claims for breach of contract and fraud, as well as a claim for violation of section 4504 of the New York Civil Practice Law and Rules Law (CPLR) relating to breach of physician-patient confidentiality. *Id.* ¶¶ 86-154. Mr. Gonzales requests "[c]ompensatory, punitive, pecuniary, and non-pecuniary damages in an amount to be determined at trial but in no event less than $100,000.00." *Id.* at 33.

"A district court properly dismisses an action under [Rule] 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it[.]'" *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.a.r.l.*, 790 F.3d 411, 416-17 (2d Cir. 2015). Section 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "As a general matter, the amount stated in the complaint is the amount in controversy unless it appears to a 'legal certainty' that such amount cannot be recovered." *Davidoff v. United Airlines, Inc.*, No. 25 Civ. 5527, 2025 WL 2112488, at *2 (S.D.N.Y. July 29, 2025).

At their essence, Mr. Gonzales's claims sound in fraud and breach of contract. But he fails to allege claims in which relief exceeding $75,000 could be awarded, as the FAC contains no allegations suggesting that the relief for the contract or fraud claims could exceed the amount that Mr. Gonzales paid defendants: $33,900.00. FAC ¶ 98; Exhibit F at 9, 11, ECF No. 16-6. It is only through the inclusion of attorney's fees and punitive damages that Mr. Gonzales can reach this

jurisdictional minimum. But under the facts of this case, these amounts cannot be used to satisfy the amount-in-controversy requirement for purposes of establishing diversity jurisdiction.

Starting with attorney's fees, the Second Circuit has stated that "attorneys' fees . . . may not properly be included in determining the jurisdictional amount unless they are recoverable as a matter of right." *Givens v. W.T. Grant Co.*, 457 F.2d 612, 614 (2d Cir.), *vacated on other grounds*, 409 U.S. 56 (1972). As Mr. Gonzales concedes, only the claims under the GBL plausibly allow for the award of attorney's fees. Mem. Opp. Mot. Dis. at 5, ECF No. 24. But a court is not *required* to award attorney's fees to the prevailing party under GBL § 349. *Davidoff*, 2025 WL 2112488, at *2. The statute provides only that a "court *may* award reasonable attorney's fees to a prevailing plaintiff [suing under Section 349]." N.Y. Gen. Bus. L. § 349(h) (emphasis added). "Because attorney's fees are discretionary under [GBL § 349], these fees are not recoverable as a matter of right and cannot be included in the calculation of the amount in controversy." *Melendez v. R.W. Garcia Co.*, No. 24 Civ. 9500, 2025 WL 1220903, at *4 (S.D.N.Y. Apr. 28, 2025); *see also Schwartz v. Hitrons Sols., Inc.*, 397 F. Supp. 3d 357, 367 (S.D.N.Y. 2019) ("Because [GBL § 349] fees are not recoverable as a matter of course, they should not be considered in the calculation of the amount in controversy."); *Bracken v. MH Pillars Inc.*, 290 F. Supp. 3d 258, 268 (S.D.N.Y. 2017) ("Because an award of attorneys' fees is discretionary under [GBL] § 349, the potential for an award of fees under § 349 cannot be used to meet the amount in controversy requirement."). Accordingly, attorney's fees cannot be added to the payment amounts to increase the amount in controversy.

Plaintiff is also unable to use the possibility of punitive damages to reach the $75,000 threshold. When punitive damages are used to satisfy the diversity jurisdiction requirement, courts will review them "with greater scrutiny than claims for actual damages. . . ." *Z-Axis Tech Sols., Inc. v. Richmond Cap. Grp., LLC*, No. 17 Civ 3983, 2018 WL 1088008, at *3 (S.D.N.Y. Feb. 14,

3

2018) (citing *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1033 n.1 (2d Cir. 1972), *aff'd*, 414 U.S. 291 (1973)). "In computing [the] jurisdictional amount, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages." *Zahn*, 469 F.2d at 1033 n.1. "Under New York law punitive damages ordinarily are not recoverable in a garden-variety fraud claim." *Treanor v. Paypal, Inc.*, No. 24 Civ. 9698, 2025 WL 844335, at *3 (S.D.N.Y. Mar. 13, 2025); *see also Ladenberg Thalmann & Co. v. Imaging Diagnostic Sys., Inc.*, 176 F. Supp. 2d 199, 207 (S.D.N.Y. 2001) ("[U]nder New York law, punitive damages are not available in an ordinary fraud case."). Punitive damages can only be recovered "where the fraud is aimed at the public generally, is gross, and involves high moral culpability." *Z-Axis*, 2018 WL 1088008, at *3 (quoting *Kelly v. Defoe Corp.*, 223 A.D.2d 529, 529 (2d Dep't 1996)). A party must show that "the misconduct is egregious" and "may be characterized as 'gross' and 'morally reprehensible,'" or involves "such wanton dishonesty as to imply a criminal indifference to civil obligations." *Ladenburg Thalmann*, 176 F. Supp. 2d at 207.

Plaintiff does not allege that Defendants engaged in this level of conduct. Taking the allegations in the complaint as true, Plaintiff may have stated a claim for breach of contract or fraud, but he has not alleged the kind of "egregious," "morally reprehensible," and "criminal" conduct necessary to obtain punitive damages. *Treanor*, 2025 WL 844335, at *3. Accordingly, these damages too cannot be included in the jurisdictional calculation.

Based on the above, the Court concludes that, in this case, only the amount of compensatory damages that Mr. Gonzales could recover can be included in the amount in controversy for purposes of determining diversity jurisdiction. As noted above, that amount cannot exceed $33,900.00. "The Court therefore determines that the amount-in-controversy requirement is not

4

met, and that it lacks diversity jurisdiction." *Veksler v. Wipro, LLC*, No. 22 Civ. 6118, 2025 WL 448041, at *4 (S.D.N.Y. Feb. 10, 2025).[2]

Thus, the motion to dismiss pursuant to Rule 12(b)(1) is **GRANTED**.   The case is **DISMISSED**.

The Clerk of Court is respectfully directed to terminate ECF No. 18 and close the case.


SO ORDERED.

Dated: June 8, 2026

New York, New York

_____
DALE E. HO
United States District Judge

---

[2] The FAC also purports to allege a claim under CPLR 4504, *see* FAC ¶¶ 135-148, but this claim fails because there is no private right of action to enforce this statutory provision. *See Burton v. Matteliano*, 81 A.D.3d 1272, 1275 (2011); *Waldron v. Ball Corp.*, 210 A.D.2d 611, 614 (1994). Plaintiff is correct that New York courts allow claims for "breach of physician-patient confidentiality." *Chanko v. Am. Broad. Cos. Inc.*, 49 N.E.3d 1171, 1176 (2016). But Plaintiff did not allege this claim, and so the Court does not consider it.